John Avey v. Galveston, Harrisburg & San Antonio
Railway Company.

No. 6954.

1. **Contributory Negligence by Minor.**—Whether the mind of a boy 10 years of age is sufficiently mature to make him responsible for his own contributory negligence is a question of fact for the jury. It should not be decided by the court on demurrer to the petition.

2. **Same — Case in Judgment.** — That the petition alleged that the child of 10 years had mental capacity to make a contract for his carriage as passenger and knew the movement of the trains of the road upon which he was passenger, do not show admitted intelligence such as to render him responsible for contributory negligence when injured.

3. **Gross Negligence.**—In an action for personal injuries not resulting in death, inflicted January 20, 1887, it was not necessary to allege that the injury was caused by the gross negligence of the defendant, a railway company, as would have been had death resulted.

APPEAL from Caldwell. Tried below before Hon. H. Teichmueller. The opinion states the case.

*Nix, Story & Story,* and *J. W. Campbell,* for appellant.—1. A railway company engaged in transporting passengers by means of dangerous machinery at a high rate of speed is held to extraordinary diligence to protect passengers; and when a child of tender years is received as a passenger without an older person to care for it, and receives injuries during such passage, the company can not avoid responding in damages by showing contributory negligence on the part of such child. Railway v. Boozer, 70 Texas, 530; Railway v. Greenlee, 70 Texas, 553; Railway v. Hanks, 79 Texas, 642; Evansich v. Railway, 57 Texas, 128; Railway v. Hewett, 67 Texas, 475; Railway v. Murphy, 46 Texas, 357.

2. Acts of passengers on railway trains which under ordinary circumstances clearly contribute to their injury and may be deemed negligent, when under extraordinary and unusual circumstances, and when such passenger is a child, become a question of fact as to whether negligent or not, and can only be determined like any other fact, and should be submitted to the jury to say whether under all the circumstances there was or was not contributory negligence by the injured party. Rev. Stats., art. 1317; Railway v. Murphy, 46 Texas, 357; Evansich v. Railway, 57 Texas, 127; 2 Thomp. on Neg., 1181, 1182.

3. The relation of passenger does not depend on the payment of fare, but appellant became a passenger when he in good faith got upon the cars of appellee under the agreement to transport him to the section house. Railway v. McGown, 65 Texas, 640, Railway v. Hampton, 64 Texas, 427.

4. The relation of passenger is not limited to one going to a regular station, but depends upon the contract and the good faith of the pas-

senger in entering into it, and if passage is contracted for in good faith the carrier can not escape full liability to such person as a regular passenger on its trains. Hull v. Railway, 66 Texas, 619; Laws. on Carr., 229, 230.

Thos. McNeal, for appellee.—1. The petition shows that the minor had arrived at years of sufficient discretion to make a contract with the conductor, and knew of the movements of the train. Under these circumstances contributory negligence on the part of the minor in causing the injury would preclude appellant from recovering damages. Railway v. Chambers, 73 Texas, 296; Nagle v. Railway, 88 Pa. St., 35; Railway v. Connell, 88 Pa. St., 520; Railway v. Flin, 24 Kan., 627.

2. If death had resulted from the injuries, the accident having occurred January 20, 1887, it would have been necessary to allege gross negligence on the part of appellee's servants. The minor having been injured by the acts of appellee's servants, it was necessary to allege gross negligence on the part of appellee's servants in operating the train. Railway v. Hanks, 79 Texas, 642.

3. Petition shows minor had discretion. No age is fixed when a child arrives at discretion, but must be ascertained from the facts in each case, and petition shows contributory negligence in jumping from the train under the circumstances, and the demurrer was properly sustained.

COLLARD, JUDGE, Section A.—This suit was brought by John Avey as next friend of his son Silas John Avey, a minor, about 10 years of age, against the Galveston, Harrisburg & San Antonio Railway Company for damages for personal injuries occasioned by alleged negligence of defendant's servants. The petition alleges in substance that on January 20, 1887, Silas John Avey, a minor 10 years of age, was and prior thereto had been living with his mother at section house 185, on appellee's railway, two miles east of Converse, a station on said railway; that on said date said minor was at Converse and about to walk home, but seeing a certain train of appellee's cars standing at said station heading in the direction of said section house, and knowing that said train stopped at said section house when signaled to do so, and well knowing that this train would be signaled to stop at this particular time and trip, said minor then and there approached the conductor in charge of said train and entered into a contract with said conductor for appellee to transport him to said section house and then allow him to get off, and in good faith thereafter got upon said cars to make said trip; that relying on said agreement said minor in good faith got on said train as a passenger; that in fact said train did sometimes carry passengers from one point to another on said line; that said minor had seen passengers get on and off said train at said section

house, and had no reason to believe that said agreement to transport him was not a fair and bona fide transaction that would be carried out in good faith; that said train was run from Converse to said section house while said minor was thereon as a passenger, and on its approach to said section house was signaled to stop by the person in charge thereof, and the signal was seen by appellee's agent in due time to stop the same. But appellee, regardless of its agreement with said minor, recklessly and negligently disobeyed said signal to stop and ran its train past and beyond said section house at a high rate of speed, and willfully and recklessly failed and refused to stop and permit said minor to get off, but in violation of its agreement and duty imposed by law passed said section house, carrying said minor, notwithstanding his protest and entreaty, past and away from his home and friends; that such unlawful and outrageous conduct of appellee so frightened, embarrassed, and confused said minor (he being of tender age) that he frantically jumped from said train to the ground, seriously wounding and injuring him, etc., to his great damage, etc.

The injuries are described, and are alleged to be of a permanent character to the mind and body.

The court below sustained defendant's general demurrer to the petition, and the plaintiff declining to amend the case was dismissed. Plaintiff has appealed and assigned errors raising the question of the legal sufficiency of the petition.

The appellee contends that the petition shows that the minor had arrived at years of discretion sufficient to make the alleged contract with the conductor, and knew of the movements of the train, and therefore he would be responsible for his contributory negligence in jumping from the train

Whether the mind of a boy 10 years old is sufficiently mature to make him responsible for his own contributory negligence is a question of fact for the jury, and should not be decided by the court on demurrer to the petition. Railway v. White, 57 Texas, 129; Railway v. Boozer, 70 Texas, 530. We are not prepared to say that the facts alleged in the petition in this case, admitting sufficient intelligence on the part of the boy to engage for his passage on the train and to know of the movements of the train, would authorize the court to take the case from the jury. The case should have been submitted to the jury.

There is nothing in the objection to the petition that gross negligence was not alleged; death did not result from the injuries; the suit is for the benefit of the injured party and not for the parent. It is said by the appellee that the petition does not show that the servants of the company were at the time of the accident in a position to have prevented the boy from jumping from the train. This is true. But the failure of the conductor in the performance of a duty owing to the child, his misconduct in refusing to stop the train to enable the child to get

off at his home without danger, is the negligence complained of. The agreement and the signal created the obligation. The child was compelled to jump from the train or be carried away from home. If it exposed itself to danger by so doing and so contributed to its injuries, but was not of sufficient intelligence to be responsible for its acts, the company would be liable for the consequences. The circumstances under which the injuries occurred are sufficiently set out in the petition, and the negligence or reckless misconduct of the company's servants is clearly averred. Hull v. Railway, 66 Texas, 619; Railway v. Cole, 66 Texas, 562; Railway v. McGown, 65 Texas, 640.

It was error to sustain the general demurrer to the petition, for which the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 2, 1891.

*Thos. McNeal* argued a motion for rehearing. Motion refused.