## L. A. Ellis v. E. H. Cunningham.

### Delivered June 9, 1897.

**Practice on Appeal—Statement of Facts Stricken Out—Want of Diligence.**

Under article 1382, Revised Statutes, 1895, providing that a statement of facts filed after the prescribed time shall not be considered unless it be shown that appellant used due diligence to get it prepared and filed in time, etc., the failure of appellant's atttorney to begin the preparation of a long statement until four days after notice of appeal given, shows a want of due diligence.

Appeal from Fort Bend. Tried below before Hon. T. S. Reese.

*Eugene Williams,* for appellant.

*Pearson & McEachin,* for appellee.

Neill, Associate Justice.—The judgment was rendered in this case on March 25, 1896; the motion for a new trial was overruled and notice of appeal was given on the 16th of April; and the court adjourned

on the 18th of that month, at which time it entered an order authorizing the statement of facts to be made up and signed and filed in vacation, and allowed ten days for it to be done. Under this order the statement of facts should have been prepared and filed at least by the 28th day of April. It was not filed, however, until May 19, 1896, twenty-two days after adjournment of court.

Article 1382, Revised Statutes, provides, that "whenever a statement of facts shall have been filed after the times respectively prescribed in the preceding articles 1379, 1380, and 1381 of this chapter, and the party tendering or filing the same shall show to the satisfaction of the Court of Civil Appeals that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time in this chapter prescribed for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the Court of Civil Appeals shall permit said statement of facts to remain as part of the record, and consider the same in the hearing and adjudication of said cause the same as if said statement of facts had been filed in time." The statement of facts is a long one, making over 100 pages of the record. According to appellant's own showing, its preparation was not commenced by his attorney until the 20th day of April, four days after his motion for a new trial was overruled and notice of appeal given. No reason is shown why these four days were lost by appellant in its preparation. The fact that the duties of his attorney, in appearing before the District Court of Fort Bend County on the hearing of the motion for new trial, detained said attorney from his home until the 20th day of April, is no reason for his not proceeding promptly to make up the statement of facts, which could have been done in Fort Bend County, where the case was tried, as well as in Waco, where the attorney resided. After the attorney commenced to prepare the statement it was, according to his showing, completed on or about the 24th day of April. Had the four days intervening between the time notice of appeal was given and the commencement of the preparation of the statement of facts, been employed in making up such statement, it could have been completed by the 20th of April, and eight days would have remained to obtain the approval and signature of the trial judge thereto and to file it in the District Court. After appellant's attorney completed his statement of facts he at once forwarded it to the attorney of the appellee, who resided in Richmond, Fort Bend County, Texas. It never reached the district judge until the afternoon of the 27th of April, the ninth day after adjournment of the District Court of Fort Bend County. The statement of facts thus prepared by appellant's counsel was not approved and signed by the trial judge; but the statement of facts in the record, counsel for the parties having failed to agree upon a statement of facts, was prepared by the trial judge from the statement of facts presented to him by the attorneys for the respective parties, and from his recollection. It appears from the certificate of

the judge to the statement of facts, that the respective statements of the parties were presented to him at Wharton by the attorney of the appellee while he was in the midst of the trial of certain murder cases; and that, from the length of the statement and the mass of papers to be examined and compared, it would have been impossible for him, had he adjourned court and at once begun work on the statement of facts, to have prepared and forwarded it to Richmond, the county seat of Fort Bend County, in time to have been filed within the time allowed by the order of the court. It appears that the district judge not only did his full duty, but more than was required of him, in preparing the statement of facts. But it is not shown to our satisfaction that appellant used due diligence to obtain the approval and signature of the judge to a statement of the facts in this case and to file the same within the time prescribed; and because such diligence is not shown to the satisfaction of this court, the motion of appellee is granted, and the statement of facts stricken from the record.

The statement of facts having, for the reasons above stated, been stricken from the record, nothing is left for us to do except to affirm the judgment of the District Court, which is done.

*Affirmed.*