A. HAWKINS v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
OF TEXAS.

Decided October 22, 1904.

**1.—Railroads—Signals at Crossing—Negligence—Charge.**

In an action for personal injuries caused by plaintiff being struck by a train at a street crossing, it was error for the court's charge to make the question of whether defendant's servants operating the train were guilty of negligence in failing to sound the bell while approaching the crossing dependent on whether or not a person of ordinary prudence in charge of the train would have given such warning signal in approaching the crossing.

**2.—Same—Duty to Ring Bell—Negligence.**

The court erred in refusing to charge that it was the duty of the defendant company to have its engine equipped with a bell of at least thirty pounds weight, and to have it rung at a distance of eighty rods from the crossing and kept ringing until the crossing was passed, and that a failure to do this was negligence.

**3.—Charge—Invited Error.**

Where plaintiff's counsel requested the court in writing not to charge that the failure to ring the bell was negligence per se, but to submit to the jury the question of negligence in failing to ring it, but such request was not shown to have been brought to the attention of the judge, and was followed by a request by plaintiff's counsel for a proper special charge on the subject, such former written request, not being in itself a special charge, will not estop plaintiff from assigning error to the court's refusal to give the special charge requested.

**4.—Contributory Negligence—Proper Charge.**

A charge that, "if defendant's plea that plaintiff was guilty of negligence proximately contributing to his injury is not sustained by a preponderance of the evidence, if any, bearing on that issue, the jury will find against said plea," properly placed the burden of proof on the defendant, and at the same time authorized a consideration of all the evidence upon that issue.

**5.—Discovered Peril—Negligence.**

Negligence in failing to discover plaintiff's perilous position is not the equivalent of discovered peril.

**6.—Personal Injury—Evidence—Receiving Pension.**

Where in an action for personal injury plaintiff's physical condition prior to the injury became a material inquiry, it was proper to show that at the time of the injury he was receiving a Federal pension granted on the ground of debility.

**7.—Evidence—Photographs.**

In an action against a railway company for personal injury received at a street crossing, photographs of the crossing taken by the defendant and shown to be correct reproductions of the situation were admissible in evidence over the objection that "they were the work of defendant on the eve of the trial, without notice to plaintiff, and to defendant's advantage of position and view, and were ex parte testimony."

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*James C. Scott,* for appellant.

*T. S. Miller* and *Stanley, Spoonts & Thompson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant, Alexander Hawkins, sued the appellee, Missouri, Kansas & Texas Railway Company of Texas, to recover damages for personal injuries received by him at the crossing

of appellee's track on East First Street, in the city of Fort Worth. From an adverse judgment he prosecutes this appeal.

We sustain the first, second and fifth assignments of error, the first and second complaining of parts of the court's charge given, and the fifth, of the refusal to give a special charge requested. The court instructed the jury as follows: "If you believe from the evidence that on the occasion alleged in plaintiff's petition and before the train in question reached the crossing where plaintiff was injured, the employes of defendant in charge of said train failed to sound a bell, or whistle, as warning signals of the approach of said train to said crossing, and that persons of ordinary prudence operating said train would not, under the same circumstances, have failed to sound said warning signals, then you will find that in such failure defendant, through its agents, was guilty of negligence." And again: "If you believe from the evidence that as said train approached said crossing on the occasion in controversy it was not running at a greater rate of speed than six miles an hour, and that the persons in charge of same, in approaching said crossing, sounded such warning signals of such approach as persons of ordinary prudence in charge of said train would have sounded under the same circumstances, or that if they failed to sound such signals, that persons of ordinary prudence in the same position would not have sounded such signals under the same circumstances, then you will find that the defendant was guilty of no negligence, and if you so find, your verdict will be for the defendants."

The requested charge referred to was as follows: "You are charged that it was the duty of the defendant to have on its locomotive a bell of at least thirty pounds weight, and that the bell shall be rung at a distance of eighty rods from where the road crosses the street, and kept ringing until it shall have passed the street crossing. If you believe from the evidence that such bell was not rung at the crossing when plaintiff was hurt, then the defendant was guilty of negligence, and you shall so find in connection with other charges given." It requires no citation of authorities to show that in giving the above charges and in refusing appellant's requested instruction the court committed error. It is undisputed that the accident occurred at a public crossing, and the evidence tends very strongly to show that appellee disregarded the statutory requirements as to signals, especially with respect to ringing its bell.

Appellee seeks to avoid the error thus committed by showing that appellant in writing requested the court to instruct as follows: "The plaintiff in above cause requests the court to submit to the jury for their consideration whether or not it was negligence in defendant to fail, if he did fail, to ring the bell or sound the whistle as its train in question approached the crossing when plaintiff was injured, and plaintiff does not desire an instruction to the jury that such failure of defendant would be negligence per se." This latter request is brought before us in the

form of a supplemental transcript, and we are inclined to the opinion that appellant's motion to strike the same from the record should be sustained. Sayles' Civ. Stats., art. 1320; Thompson v. Chumney, 8 Texas, 394; Michael v. Yoakum, 30 S. W. Rep., 1076. But if it be not stricken out, we are of the opinion that it can not be regarded as an estoppel against appellant to assign the errors complained of in the above particulars. The language of the request is not in form an instruction to be submitted to the jury as is contemplated by the statute, and we are in no way informed that the same was in any manner ever called to the attention of the trial court. It does not appear to have been passed upon by him. It is neither refused or given; and while it is possible, and even probable, that the trial judge was led into error by the conduct of appellant, yet under the circumstances as shown by the, record we can not assume that appellant went further than to file his request with the clerk, but for some reason declined to submit the same to the court, and craved the special instruction already set out which, as will appear from inspection, presents a correct principle of law in this case.

The fifth special charge asked by appellant on the question of contributory negligence seems faultless in form, yet there was no error in refusing it, because the court's charge correctly directed the jury in this particular. Indeed the language of the charge is an admirable presentation of the matter, in that it avoids any possible question of excluding from the jury any of the evidence upon this issue from whatever source the same may emanate. It is as follows: "If the defendant's plea that plaintiff was guilty of negligence proximately contributing to his injury is not sustained by a preponderance of the evidence, if any, bearing on that issue, you will find against said plea." This placed the burden of proof upon the defendant, and at the same time authorizes a consideration of all the evidence upon that issue.

Discovered peril was not an issue in the case under the pleadings, and the court therefore correctly refused appellant's fourth special charge. Furthermore, the charge itself did not announce a correct proposition of law. Negligence in failing to discover appellant's perilous position is not the equivalent of discovered peril, as the charge seems to contemplate.

There was no error in requiring the appellant while on the stand to disclose on cross-examination that he was drawing a pension from the United States government of $12 a month. It appears that appellant's physical condition prior to the injuries became a material inquiry in the case. and the Federal pension having been granted upon the ground of debility in this respect, the testimony was pertinent. It was not a defense to be pleaded, as appellant contends.

Neither was there error in the ruling of the court in admitting in evidence photographs taken by appellee of the crossing at East First Street. They were shown to be correct reproductions of the situation, and indeed were not objected to upon the ground that they were not, the objection

being that "they were the work of defendant on the eve of trial without notice to the plaintiff and to defendant's advantage of position and view, and they were ex parte testimony."

For the errors discussed the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*