## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V. GEORGE R. WORCESTER.

Decided March 13, 1907.

**1.—Personal Injuries—Charge—Contributory Negligence and Assumed Risk.**

In a suit for personal injuries a charge by the court that the plaintiff was entitled to recover if the jury found certain facts to exist unless they "further believe from the evidence that plaintiff was guilty of contributory negligence and that he assumed the risk," held not subject to the objection that the charge required the jury to find that plaintiff was guilty not only of contributory negligence, but that he also assumed the risk which resulted in his injury before they could find for defendant. Galveston, H. & S. A. Ry. Co. v. Cherry, 98 S. W. Rep., 900, followed.

**2.—Assignments of Error—Grouping.**

Where assignments of error involve separate and distinct rulings of the court, and the same points do not arise from nor can they be stated as propositions under each, such assignments can not be properly grouped in the brief.

**3.—Special Charges—Notation Upon.**

The giving or refusal of requested instructions can not be considered on appeal unless the action of the trial judge concerning the same be noted thereon and signed by him. Notations upon the margin of the transcript by the clerk can not be given any effect.

Appeal from the District Court of Kinney County. Tried below before Hon. B. C. Thomas.

*Baker, Botts, Parker & Garwood* and *Garrett & Davis,* for appellant.— That the court erred in the fifth paragraph of its charge, cited: Liverpool L. & G. Ins. Co. v. Joy, 62 S. W. Rep., 546; Davis v. Missouri, K. & T. Ry. Co., 17 Texas Civ. App., 200; San Antonio & A. P. Ry. v. Robinson, 73 Texas, 284; Baker v. Ashe, 80 Texas, 361; Texas & N. O. Ry. v. Conroy, 83 Texas, 214; Gonzales v. Adoue, 94 Texas, 125;

Kershner v. Latimer, 64 S. W. Rep., 237; Missouri, K. & T. Ry. v. Wolf, 89 S. W. Rep., 778; Texas & P. Ry. v. Berry, 72 S. W. Rep., 423; Missouri, K. & T. Ry. v. Rodgers, 89 Texas, 675; Willoughby v. Townsend, 18 Texas Civ. App., 724; International & G. N. Ry. v. Lehman, 66 S. W. Rep., 215.

The court erred in the second paragraph of its charge in defining what constitutes proximate cause, and in not giving defendant's special charge number 10, correcting said error, in this: The court's main charge defines proximate cause as the direct or sole cause, without which the injury would not have happened, while the refused charge instructs the jury that the term proximate cause means that cause which, uninterrupted by any efficient intervening cause, leads directly to and causes the result as a natural sequence, and but for such cause the accident would not have happened, and explained that term as applied to the facts upon the issue of negligence involved. Gonzales v. City of Galveston, 84 Texas, 7; Houston & T. C. Ry. Co. v. Oram, 92 S. W. Rep., 1029; Rice v. Dewberry, 93 S. W. Rep., 719; Johnson v. Gulf, C. & S. F. Ry., 2 Texas Civ. App., 139.

The court erred in giving in charge to the jury the eleventh paragraph of the court's main charge, which is as follows:

"You are instructed that the evidence admitted before you as to the statement claimed to have been made by Del Bond the next day after the accident occurred, was only admitted for the purpose of affecting the credibility of said witness Bond, and you will consider the evidence as to said statement in determining the credibility of the testimony deposed to by said witness Del Bond before you but for no other purpose." Houston, E. & W. T. Ry. v. Runnels, 92 Texas, 305; Hulburt v. Boaz, 4 Texas Civ. App., 371; Davidson v. Wallingford, 88 Texas, 624; Kershner v. Latimer, 64 S. W. Rep., 237.

The court erred in refusing to give in charge to the jury defendant's special charge number 9, which is as follows:

"In this case the defendant claims that at the time of the accident to plaintiff he was under the influence of intoxicating liquors, taken while on duty, in violation of one of its rules; and plaintiff, while denying this is true, says also that the rule in question had been frequently violated, to the knowledge of defendant, and that defendant permitted this, and thereby relaxed or abrogated the rule, and the same was not, therefore, of binding force as a rule. On this matter you are charged that, in order to hold that a rule has been relaxed or abrogated by acquiescence in its violation, it is necessary to show that the violation was not only frequent, but that this fact was either actually known by some officer or agent of defendant, whose duty it was to enforce the rule, or that the rule was so frequently or openly violated that defendant's officers or agents, whose duty it was to enforce the rule, must, in the proper discharge of their duty, have knowledge of its violation; and it must further appear that the violations of the rule were not protested against, but were consented to by actual or tacit consent; there is no proof of actual consent to its violation, and no amount of a violation of a rule will amount to a relaxation of a rule where the facts do not show a knowledge of the condition, either actual or constructive, as above described, on the part of the agent or officer of the defendant,

whose duty it was to enforce the rule, and where the facts do not also show either actual or tacit consent to such violation, if any.   Applying this rule of law to the facts in this case, on this issue you are charged that even though you should find that the said rule forbidding employes of defendant from drinking intoxicating liquors while on duty, was frequently violated, nevertheless you are not authorized to say that the rule was relaxed or abrogated, nor had the plaintiff a right to so assume if he knew that the rule was still insisted upon, or unless such violation of the rule, if any, were actually known to officers or agents of defendant, whose duty it was to enforce the rule, or that these violations, if any, were so common and open that in the proper discharge of their duties, the officers and agents of defendant, whose duty required them to enforce said rule, must have known of it and neglected to protest against it and forbid it."

*Sanford & Douglas, Joseph Jones, George M. Thurmond, Moore & McDowell, Perry J. Lewis* and *H. C. Carter,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from a judgment of $17,000 damages rendered against appellant for personal injuries.

Though several grounds of negligence were averred by the plaintiff, only one was submitted to the jury, and it alone need be stated in reciting the pleadings of the parties.   Plaintiff alleged that on December 1, 1902, while in the employ of defendant as a switchman engaged in the operation of trains in its yards at Eagle Pass, he was, while attempting in the discharge of his duty to board one of its trains, thrown underneath by defendant's negligence and his right leg so badly crushed and mangled as to require its amputation at the knee.   That in his effort to board the train he seized the handhold, and, in attempting to step on, his foot slipped on the muddy ground, and, at the same time, defendant's employes operating the train negligently caused or permitted it to be thrust backwards or lunged with great suddenness and unusual violence, and that such negligent thrusting back and lunging of the train broke his hold and threw him under the train whereby his leg was crushed as aforesaid.

The defendant, after interposing a general denial, pleaded contributory negligence and assumed risk.

*Conclusions of Fact.*   The evidence is reasonably sufficient to prove that plaintiff sustained the injuries alleged and that they were directly caused by the negligence of defendant's servants in operating the train as above set forth; and that he was guilty of no negligence proximately contributing to his injuries, and that they were not the result of any risk assumed by him as incident to his employment; and that by reason of the injuries so negligently inflicted by the defendant he has been damaged in the amount found by the jury.

*Conclusions of Law.*—1.   The first assignment of error is directed against the fifth paragraph of the court's charge, which is as follows: "If you believe from the evidence that on or about the first day of December, 1902, the plaintiff was in the employ of the defendant in the capacity of a switchman in its yards at Eagle Pass, and that on said date it became plaintiff's duty to board a moving train of cars in said

yard, and that he did attempt to board one of the cars in said train; and you further believe from the evidence that when plaintiff attempted to board said car, he seized upon a perpendicular handhold and his foot slipped; and you further believe from the evidence that while he was endeavoring to maintain himself upon said perpendicular handhold, that the defendant's employes who were engaged in the operation of said train, thrust said train backwards, with great suddenness and unusual violence; and you further believe from the evidence that the defendant's said servants were guilty of negligence by reason of the suddenness and violence with which they thrust said train backwards, if it was so thrust backwards, and that said negligence, if any, directly caused the plaintiff to fall and be injured as alleged in his petition, and you further believe from the evidence that plaintiff was not guilty of contributory negligence and that he did not assume the risk then I charge you that your verdict must be for the plaintiff."

The contention is that the error consists in the use of the words: "and you further believe from the evidence that plaintiff was not guilty of contributory negligence and that he did not assume the risk, then I charge you that your verdict must be for the plaintiff," appearing in the last two clauses of. the paragraph, "because" (quoting from appellant's first proposition under the assignment), "the charge instructs the jury that the plaintiff was entitled to recover on the facts stated, unless the jury should further find that the plaintiff was guilty of contributory negligence and assumed risk, whereas, under the law, plaintiff was not entitled to recover if he was guilty of either contributory negligence, or if he assumed the risk." This embodies the substance of the other two propositions under the assignment. The same objection was made to a similar charge in the case of Galveston, H. & S. A. Ry. Co. v. Cherry, 98 S. W. Rep., 900, which this court disposed of by saying: "The charge in our opinion was not subject to be understood as appellant contends. The impression it conveyed was that plaintiff could recover unless the jury believed he was not guilty of contributory negligence and did not assume the risk. Under this charge they had to find both in order to find for plaintiff." As an application for a writ of error was denied by the Supreme Court in that case, it is deemed conclusive against appellant's contention in this one.

2. It is asserted in appellant's brief that the second and third assignments of error relate to the same matter, and they are considered together therein with one proposition asserted under them. We do not take them to be such as, under the rules of this court, can be grouped, for they involve separate and distinct rulings of the court and the same points do not arise from nor can they be stated as propositions under each. (Galveston, H. & S. A. Ry. Co. v. Fales, 77 S. W. Rep., 235; Houston & T. C. R. Co. v. De Berry, 78 S. W. Rep., 737; Evans v. Jackson, 92 S. W. Rep., 48), for one complains of the definition contained in the court's general charge of proximate cause, and the other of the failure of the court to give a special charge defining proximate cause and applying it to a state of facts claimed by defendant to constitute such negligence on the part of the plaintiff. If they should be held to involve the same points, it would only be necessary to consider one of the assignments; for the disposition of one would dispose of the other.

If, then, they could be considered together, it would be sufficient to say that the definition of proximate cause is in the exact language given in the case of Texas & N. O. Ry. v. Black, 44 S. W. Rep., 673, which was approved, in order to dispose of both; for this is the only point involved in the second assignment of error which is grouped with the third. Besides, the third assignment of error could not be sustained if it were presented in appellant's brief in such a manner as would entitle it to consideration, because the record shows a material difference in the special charge as embraced in it from the one which was really requested and refused.

3. While it appears from the record that the special charge which the fourth assignment of error complains of the court's giving at plaintiff's request, was filed, it is not authentically shown that it was given the jury. Article 1320, Revised Statutes, requires that the trial judge shall note distinctly which special charges he gives and refuses, and shall subscribe his name thereto. It is apparent from the record that this special charge bears no notation of the trial judge with his name signed thereto as required. This should be taken as conclusive that it was not given, notwithstanding the annotation on the margin of the record opposite the charge, that it was given. No annotation made by the clerk or any one else upon the transcript of the record can be taken to show what was done, when the record itself fails to show or disclose it. If the charge was in fact given, it should appear from the record that it was done in the manner required by law.

4. Nothing is better settled than, that when evidence is admissible only for a particular purpose, it is proper for the court in its charge to confine the jury in its consideration of it to the purpose for which it was admitted. Therefore we overrule the fifth assignment of error which complains of the court's doing this very thing.

5. There was no error in this part of the court's charge: "If you find that it was negligence on the part of the plaintiff to attempt to board the car at the time, in the manner, or under the circumstances under which you find that he did attempt to board said car, and that such negligence, if any, proximately caused or contributed to cause the accident and plaintiff's injury, you will return a verdict for the defendant," which is complained of by the sixth assignment of error.

6. Defendant's special charge number 2, claimed by the seventh assignment to have been erroneously refused, appears word for word in the eighth paragraph of the court's charge, and to have given it would have been a mere repetition.

7. The appellant has withdrawn the eighth assignment of error, and requests that it be not considered. We cheerfully grant the request.

8. What is denominated special charge number 9, might be regarded and considered a pretty good argument for the defendant, if it were shown there was evidence upon which it could be based; but it can not be regarded as law which should, in any event, be given in charge to a jury. Therefore, the ninth assignment, which complains of the court's refusing it, is overruled.

9. The tenth assignment of error assails an argument of appellee's counsel that does not legally appear from the record to have been made, and it is, therefore, overruled.

10. Our conclusions of fact dispose of assignments of error from the eleventh to the fifteenth inclusive, all of which are directed against the sufficiency of the evidence to sustain the verdict, adversely to the appellant.

11. There was no error in the court's giving this charge: "In this case I charge you that the burden of proof is upon the defendant to establish contributory negligence, but in reaching the conclusion upon such issue, you must take into consideration all the evidence which is before you." The judgment is affirmed.

*Affirmed.*

Writ of error refused.