TEXAS MEXICAN RAILWAY COMPANY V. REYES S. DE HERNANDEZ.

Decided February 26, 1908.

**1.—Personal Injuries—Discovered Peril—Pleading.**

In a suit for damages for personal injuries, a petition charging discovered peril considered, and held not subject to the objection that the allegations failed to show that any duty rested upon the defendant to use all the means in its power to prevent the injury. The duty to use ordinary care, at least, to prevent injury follows as matter of law after discovery of peril.

**2.—Same.**

In a suit for damages for personal injuries the petition contained the following allegations: "That when the engine was nearing said crossing the said employees saw, or by the exercise of due care could have seen, the perilous position of Juan Jewett, who was then at or upon said track at said crossing and was not cognizant of the near approach of said engine, and the said employees could have caused said engine to stop before reaching said crossing and thereby could have prevented said injuries, etc." Held, a sufficient allegation of discovered peril to require the submission of the issue under the evidence supporting the same.

**3.—Railroads—Public Crossing—Lookout—Charge.**

In a suit for damages for personal injuries received at a public road crossing over a railroad, a charge which, in stating the abstract principles of law deemed applicable to the facts, instructs the jury, as matter of law, that it is the duty of those operating an engine along a street, when approaching a public crossing, to keep a lookout for the protection of persons going along the street, the error, if any, is harmless when, in another portion of the charge, the court in applying the law to the evidence, instructs the jury that whether or not a failure to exercise ordinary care to keep a lookout was negligence, was a question of fact for them to determine.

**4.—Discovered Peril—Charge—Evidence.**

A charge which, upon the issue of discovered peril, instructs the jury that it was the duty of defendant's employees "to use all means and appliances at hand to avoid the injury," without any qualification as to the safety of the engine and operatives, is harmless when it is clear from the evidence that a sudden stopping of the engine would not have involved any danger to it or the operatives.

**5.—Pleading—Overruling Exception—Harmless Error.**

Error in overruling an exception to so much of a petition as sought to recover punitory damages, is harmless when the court does not submit the issue of punitory damages and the jury found only actual damages.

Appeal from the District Court of Webb County. Tried below before Hon. J. F. Mullally.

*J. A. Valls* and *Denman, Franklin & McGown,* for appellant.

*A. C. Hamilton* and *Atlee & Atlee,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The appellee Hernandez, as next friend of Juan Jewett, a minor, sued the National Railroad Company of Mexico and the Texas Mexican Railway Company to recover damages for personal injuries alleged to have been inflicted upon Jewett by the negligence of the defendants.

The Texas Mexican Railway Company answered by excepting to plaintiff's petition, and by a general denial, and specially pleaded that its servants operating the engine did not discover Jewett on the track until the engine was so close to him that they could not, by the use of the means at hand, stop the engine in time to keep from injuring him. It is unnecessary to state the pleadings of the other defendant.

The case was tried before a jury and resulted in a judgment in favor of the National Railroad Company of Mexico and in favor of the plaintiff against the ·Texas Mexican Railway Company for $4,000. From this judgment the appeal is prosecuted.

*Conclusions of Fact.*—The undisputed evidence shows that on December 27, 1905, Juan Jewett, a child six or seven years old, was run down by a switch engine, operated by the servants of appellant, at a street crossing in the city of Laredo, Texas, and his right arm was crushed and severed from his body, between the elbow and shoulder, by the wheels of the engine.

The evidence is reasonably sufficient to show that defendant's employes operating the engine were negligent in failing to keep a lookout for persons on its track at the crossing; or that they discovered Jewett's position of peril in time, by the exercise of ordinary care to use the means at hand, to prevent injuring him, and that they negligently failed to use, or to make any effort to use, such means to that end; that one or the other of these acts of negligence was the proximate cause of Jewett's injuries; and that he was damaged by reason of such negligence in the amount found by the jury.

*Conclusions of Law.*—1. The first assignment of error, which is stated as a proposition, is as follows:

"The trial court erred in overruling defendant's special exception No. 1, for the reasons that the allegations in plaintiff's petition are not sufficient to show that any duty rested upon the defendant's employes to use all the means in their power to prevent injuring

Juan Jewett after they discovered his peril upon the track in front of the moving car; and not sufficient to ground a cause of action for negligence for failing to discharge such duty, and this theory of his recovery should have been excluded by the court sustaining said demurrer."

The petition, after alleging that Jewett was run down and injured at the street crossing by the engine, and the negligent failure of defendant's servants operating the engine to keep a lookout for persons on the street, then alleges: "That when the engine was nearing said crossing the said employes saw, or by the exercise of due care could have seen, the perilous position of said Juan Jewett, who was then at or upon said track at said crossing and was not cognizant of the near approach of said engine, and the said employes could have caused said engine to stop before reaching said crossing, and thereby could have prevented said injuries," etc.   The exception to this part of the petition is as follows:

"Defendant specially excepts to all that portion of plaintiff's petition beginning with the first paragraph on page No. 2, and going down to the beginning of the first paragraph on page No. 3, ending with the name of 'Juan Jewett,' because the same taken together fails to charge the violation of any duty or obligation on the part of the employes in said train towards the said Juan Jewett, and because the same does not charge that the said Juan Jewett was discovered, or that said crew failed to use all reasonable diligence and care to prevent any injury to the said Juan Jewett after he was discovered, and because the same does not charge, except inferentially, which is a conclusion of the pleader without setting up any facts in discovered peril or any failure to use care after discovering the peril of the said Juan Jewett by the said crew, and of this defendant prays judgment of the court."

It is not clear that the assignment predicates the grounds of the exception.   It seems to concede that the petition sufficiently avers that appellant's servants operating the engine discovered Jewett's peril upon the track in front of the moving car, but contends that the allegations in the petition are not sufficient to show that any duty rested upon them to use all the means in their power to prevent injuring him. It is specifically alleged in the petition that the employes could have caused the engine to stop before reaching the crossing and thereby have prevented the injuries. If, then, it is true that the servants operating the engine discovered Jewett's peril and after such discovery could have stopped the engine before reaching the crossing where he was, it followed as a matter of law that it was their duty to at least exercise ordinary care to use all the means at hand to stop the engine before it reached the point where he was run over.   This disposes of the only point raised by the assignment of error, and requires that it be overruled.

2.   What is called the second assignment of error in appellant's brief comprehends both the eighth and eleventh assignments of error as found in the record.   They regard separate and distinct rulings, and can hardly be treated and considered, under the rules of this court for preparing briefs, as one assignment of error.   Four

propositions are asserted as common to them as though they were
one assignment, none of them, however, is common to or can be
evolved from both. We much doubt whether, under the rules of
this court, they should be considered; but as it is easily discovered
to which of the two assignments they are severally applicable we
will pass upon them all.

Calling it the "Second Assignment of Error," as is done in ap-
pellant's brief, the assignment is as follows: "The court erred in
the fifth paragraph of its charge, in giving the following charge:
'8. It is also their duty (employes operating an engine) to keep
a lookout for the protection of persons going along such public
streets, and if they see that any person is in imminent danger of
being injured, it is then their duty to use all means and appliances
at hand to avoid the injury.' "

"The court erred in the sixth paragraph of his charge, in using
this language: '11. Or if you believe from the evidence that those
in charge of the engine saw the perilous situation of Juan Jewett
in time to avoid injuring him by the use of means and appliances
at hand, and that they failed to use the same, and that his injury
resulted from such failure, then you will find your verdict for the
plaintiff without considering any question of contributory negligence
on his part.' "

The first proposition asserted is: "The duty of the employes to
use every means at their command to stop the train did not arise
unless Jewett's peril was actually known to them, and this fact,
not having been alleged or proved by plaintiff, the court should not
have submitted this issue to the jury as a basis of recovery."

It will be seen that this proposition is applicable only to the
latter part of the assignment. It is true, as is asserted by it, that
the duty of the employes to use every means in their power to stop
the engine did not arise until Jewett's peril was actually known or
discovered by them (San Antonio Trac. Co. v. Kelleher, 48 Texas Civ.
App., 421); but we can not accede to the further statement that
such fact was not alleged nor proved by plaintiff; for the allegations
in the petition of their discovery of Jewett's position of peril are,
we think, clear; and the evidence that the engine could, by the
use of the means at hand, have been stopped before running him
down was such as to authorize the court to submit such question
to the jury.

The second proposition is: "Charge No. 8 above assumed as a
fact that an actual lookout is necessary to the exercise of ordinary
care by employes in the operation of trains. This may, or may not,
be true, and is a fact to be determined by the jury under all the
circumstances surrounding a given transaction; the charge invades
the province of the jury and is on the weight of evidence." This
relates to the first part of the assignment and has no connection
with the second. There is no statement under it, as is required
by the rules of this court. If it should be considered it must be
in connection with this statement:

In the fifth paragraph of the court's charge, in which the court
merely undertook to state abstract principles of law deemed appli-

cable to the case without there making an application of them, it is said: "It is also their (meaning employes operating an engine in a city along a public street) duty to keep a lookout for the protection of persons going along such public streets, and if they see that any person is in imminent danger of being injured it is their duty to use all means and appliances at hand to avoid the injury." If it should be conceded that it was not, as a matter of law, the duty of those operating an engine along a street, when approaching a public crossing, to keep a lookout for the protection of persons going along the streets, the error is a mere abstraction, for in the seventh paragraph of the charge, which applies the principles of law to the case, the jury is told, "that if those in charge of the engine failed to exercise ordinary care to keep a lookout in the direction the engine was moving to prevent injury to persons going along said street and that the same was negligence on their part, and such negligence, if any, was the proximate cause of . . . the injury to Juan Jewett, and he was not guilty of negligence on his own part contributing to such injury . . . to find for the plaintiff against the defendant, Texas Mexican Ry. Co." This is certainly a correct enunciation of the law as to this phase of the case (Texas & Pac. Ry. v. Watkins, 88 Texas, 20; Missouri, K. & T. Ry. v. Saunders, 103 S. W. Rep., 457), and we do not think the jury could have been misled by that part of the charge complained of in the assignment of error.

The third proposition is: "The charge is error, too, because it makes the duty of the employes 'to use all means and appliances at hand to avoid the injury' absolute, while the duty is to use such ordinary care as a reasonably prudent person would use with the means and appliances at hand consistently with safety to the train to avoid inflicting injury to the exposed person." This has relation to the second part of the assignment. It is clear from the evidence that the use of all the means at hand by appellant's servants to stop the engine when they discovered Jewett's position of peril would have been perfectly consistent with the safety of the engine and of those operating it. It was moving very slowly, so slow that it could have been stopped in a few feet without injuring anything, and that the switchman on the footboard of the tender when he saw the boy could have safely jumped off and run ahead and removed the little fellow from the track without the engine being stopped at all.

The fourth proposition complains of "charge No. 11," which we presume has reference to the eleventh paragraph of the court's charge, for all through the brief the several paragraphs of the court's charge are designated as a charge by a number corresponding to the number of such paragraph. If we are correct in this assumption, the assignment of error does not involve an objection to such paragraph of the charge and the proposition should not be considered. If, however, we should be mistaken in our assumption that the proposition relates to the eleventh paragraph, and it should be taken to refer to either of the paragraphs mentioned in the assignment, we are unable to detect the error indicated by the assignment.

3. Since the court did not submit any issue of punitory damages to the jury and only actual damages were found, the defendant was not prejudiced by the failure of the court to sustain its fifth special exception to plaintiff's petition. There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.