## M. SYSTEM STORES, Inc., v. DAVENPORT et ux.

### No. 3540.

Court of Civil Appeals of Texas. Amarillo. Jan. 28, 1931.

Rehearing Denied March 4, 1931.

Douglas & Spiller, of Lubbock, for appellant.

Kinder & McMath, of Plainview, for appellees.

HALL, C. J.

The appellant has filed a motion for a writ of certiorari to the district clerk of Hale county, requiring said clerk to transmit to this court two original bills of exception.

In the affidavit supporting the motion, one of appellant's counsel avers that immediately after the trial of this case he prepared and presented to the trial judge his bills of exception Nos. 1 and 2. That said bills were presented to opposing counsel, who made some objections, but that the trial judge nevertheless approved both bills and ordered them filed on the 4th day of June, 1930, without qualification or amendment. That after the filing of said bills and without notice to appellant or its attorneys and without any motion to that end, the court corrected said bills, erased his signature previously affixed approving both bills, and proceeded to qualify them in the manner shown in the transcript. That said qualification and amendment was made more than one month after the bills had been approved and filed.

In reply to this motion the trial judge has filed his affidavit, which is further authenticated by the affidavit of one of appellees' counsel and the affidavit of the court reporter.

In his verified statement the trial judge says that he hurriedly signed the bills, assuming that defendant counsel had prepared them correctly. That appellees' counsel, however, inspected the bills and protested, saying that he did not think that they were correct and that they should be qualified. That the next day, leading counsel for appellees called the judge's attention to the errors, and that on July 5, 1930, being the last day of the term, in the presence of one of appellant's counsel, the matter was again discussed, together with appellees' counsel, and after mature consideration he erased his signature and added the qualifications now appearing upon the bills. That they were qualified in open court, after having been read over and discussed with counsel for both sides. The trial judge further says that he qualified the bills only because, after full consideration, he was convinced that he had been led into signing the bills thinking they were correct.

This motion must be overruled. When a party accepts a bill and it has been filed, he is bound by the qualification, and

when a bill which has been qualified by the court appears in the record, it will be presumed that the qualification was made with the consent of the appellant or plaintiff in error, in the absence of something in the way of a bill of exception signed by the judge or by bystanders. Under such circumstances, the qualification is controlling as to the facts therein stated, which must be accepted as true and may not be contradicted nor the facts therein stated varied by an ex parte affidavit of counsel. 3 Tex. Jur. § 464.

The proper procedure and the better practice in taking bills of exception is to stop the trial when a bill is taken and prepare it then and there and file it with the clerk and R. S. art. 2237 requires the court to give the party excepting time to embody his objections in a written bill. However, the statute further provides for the filing of bills of exception after the trial. This is the practice usually resorted to and results in much confusion and contradictory affidavits in this court. If the party aggrieved has not been given a fair or correct bill of exception, he should resort to the procedure provided in R. S. art. 1838. No bill prepared as provided by that article has been filed in the record, and therefore this court is not permitted to attempt to correct the bill appearing in the transcript. The rule is that all bills of exception, as well as other corrections to be made of the record, must be changed, amended, or corrected in the trial court. 3 Tex. Jur. § 549.

The trial judge has the right to amend a bill of exception so as to make it speak the facts, even after appeal, and when he has withdrawn his approval of a bill and changes or reforms it and again approves it, the bill as so amended should be substituted for the one originally approved. Davis v. Wichita State Bank & Trust Co., (Tex. Civ. App.) 286 S. W. 584.

The general rule is that affidavits relating to the record or to proceedings in the trial court, not appearing in the record, cannot be considered by the appellate court unless they relate to matters affecting the jurisdiction of said court. 3 Tex. Jur. 560.

It is a further general rule that original papers relating to the case must appear either in the transcript or the statement of facts. There is now no provision in the statutes under which original documents may be transferred from the trial court into the appellate court, even upon the orders of the trial judge. First National Bank v. Van Horn et al. (Tex. Civ. App.) 2 S.W.(2d) 333; Rockhold v. Lucky Tiger Oil Co. (Tex. Civ. App.) 4 S.W.(2d) 1046; Scruggs v. McCart (Tex. Civ. App.) 16 S.W.(2d) 973; Yeager v. Bradley (Tex. Civ. App.) 246 S. W. 688; Hines v. Howell (Tex. Civ. App.) 15 S.W.(2d) 1060.

The appellees have filed a motion to strike the statement of facts because the statement was not filed in the trial court nor presented to the trial judge for approval until the ninety-first day after the adjournment of the term. The term of court at which this case was tried could, under the statute, continue only six weeks. The term opened May 26, 1930, and ended on July 5th following. It appears that the trial court granted 60 days from July 5th in which to file statement of facts. The statement was not tendered to the trial judge until October 4th thereafter, being 91 days after the term of court had ended. When it was presented to the clerk of the district court for filing, the clerk refused to file it, having been instructed by the trial judge to that effect.

In their reply to the motion to strike the statement, appellant's counsel states that the judgment was rendered on July 4th and motion for new trial overruled the next day. In the order overruling the motion for new trial, 60 days was given appellant in which to file statement of facts; but appellant's attorneys aver that they were greatly inconvenienced by the fact that the building in which they maintained their offices was totally destroyed by fire August 23, 1930. That they relied on the statement of the trial judge that additional time would be granted, if needed, under the circumstances, and that such time was certainly needed and wanted. They further set out the fact that they communicated with the trial judge by letter and otherwise in an effort to get an extension of time on September 19 and 22, 1930; that on September 23, the last day in which they could have filed the statement in the trial court, one of appellant's counsel drove from his home in Lubbock to Plainview and saw the judge, who told him that he was not going to grant any additional time.

The material parts of this affidavit are denied by a counter affidavit of the trial judge, who says that he did not tell appellant's counsel that he should have additional time if it was wanted or needed, but that he specifically refused to allow such time. The judge is corroborated by the affidavit of the court reporter and of one of appellee's counsel, who say they heard the conversation between the trial judge and appellant's counsel and that the trial judge did not promise or grant counsel any further time. Neither statement was filed in time.

According to the affidavit of appellant's counsel, there was plenty of time for the preparation of the statements of facts between the date of the adjournment of the court and the fire which destroyed the office

building. The statement showing the testimony relative to the motion for new trial is only 23 pages and the other statement contains only 64 pages, both of letter-size paper, double-spaced typewriting. The fire did not interfere with counsel requesting the court stenographer to prepare the statement. It does not appear when appellant's counsel requested the court stenographer to prepare question and answer statement, further than that no request had been made on or prior to September 24th. The facts heard upon the motion for new trial appear in a statement dated by the court reporter October, 1930. The statement of facts proper is dated September 30, 1930. No sufficient diligence is shown.

It appears that none of the records of appellant's counsel were lost in the fire which destroyed the office building, and we are driven to the conclusion that appellants have not used proper diligence to prepare and file a statement of facts. Gerneth v. Galbraith-Foxworth Lumber Co., 117 Tex. 205, 300 S. W. 17; 3 Tex. Jur. §§ 485, 486, and authorities cited; Ellis v. Cunningham, 16 Tex. Civ. App. 571, 41 S. W. 522; Brown v. Gatewood (Tex. Civ. App.) 150 S. W. 950.

The appellant insists that the judgment should be reversed because of inflammatory language used by the appellees' counsel in his argument to the jury. This contention is presented by two bills of exception taken to different remarks made by counsel. The trial judge qualified both bills, stating that counsel did not use the language set out in the bills and in the qualification the judge sets out the language actually used. The qualification further shows that appellant's counsel had made a statement in his argument to the jury, relating to the operation of automobiles generally on public highways, and that his remarks were outside of the record and not supported by any evidence. The bills fail to show that the argument objected to was not provoked by any argument of opposing counsel. This being the state of the record, the propositions based upon the two bills of exception do not show reversible error. Galveston, H. & S. A. Ry. Co. v. Worchester, 45 Tex. Civ. App. 501, 100 S. W. 990; Spencer v. Pettit (Tex. Civ. App.) 17 S.W.(2d) 1102; Thompson v. Caldwell, (Tex. Civ. App.) 22 S.W.(2d) 720; Vincent v. Bell (Tex. Civ. App.) 22 S.W.(2d) 753.

The next contention to be considered is that the appellees' pleadings are not sufficient to raise the issue of discovered peril or last clear chance. It appears that the collision occurred in a part of the road where there was a mudhole about 100 yards in length. Through this mudhole there was only one traveled portion. That vehicles had made deep ruts, and that outside of the ruts the area of the road was extremely muddy, so that no vehicles had traveled it. The collision resulting in the injuries occurred because both vehicles were in the ruts or traveled portion, and plaintiffs allege that they were not able to get their car out of the ruts on account of their depth. These ruts were on the left-hand side of the center of the road traveling south, and the plaintiffs were, therefore, on the wrong side of the road and chargeable with negligence to that extent. In order to avoid the effect of their contributory negligence, they allege:

"That at the time of the aforesaid collision, the road south of said mudhole and ruts was open and unobstructed for a distance of more than 100 yards before defendant's truck (headed north) reached the south end of said mudhole and said ruts. Said Castevens (the driver of the truck) could plainly see the mudhole and ruts and see that plaintiff's car was being driven in said ruts and that said Castevens could see and knew, or by the use of reasonable diligence could have seen and would have known the condition of said mudhole and ruts and the position and condition in which plaintiffs' car was, as aforesaid, in sufficient time to have slowed down the speed of said truck and to have stopped the same and to have driven same to either side of said ruts before he drove said truck into said ruts and it was negligence and carelessness for said Castevens to drive said truck at such fast rate of speed into said ruts and against plaintiffs' car and that such negligence and carelessness is a direct and proximate cause," etc.

It will be seen that plaintiffs charge that Castevens knew of their danger. While it is further alleged that he might have known by the use of ordinary diligence, the latter allegation may be disregarded as surplusage. It was necessary to charge knowledge on the part of Castevens in order to raise the issue of discovered peril. This having been charged, the pleading is sufficient. San Antonio & A. P. Ry. v. Green, 20 Tex. Civ. App. 5, 49 S. W. 670; Hawkins v. M., K. & T. Ry. Co., 36 Tex. Civ. App. 633, 83 S. W. 52; Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Stevens v. Wabash Ry. Co. (Mo. App.) 14 S.W.(2d) 506.

It is only necessary for a party to prove sufficient facts to entitle him to recover, and he need not prove everything alleged. Morrison v. Sewell (Tex. Civ. App.) 4 S.W.(2d) 1029.

The allegations of plaintiffs' petition are sufficient to charge negligence and a failure to use reasonable diligence on the part of Castevens in the manner and under the conditions in which he was driving his truck at the time of the collision, and the facts alleged are sufficient to sustain the jury's finding that such want of care was the prox-

imate cause of plaintiffs' injuries and the damages sustained. Under the pleadings the court did not err in submitting the several issues requested upon this phase of the case.

Without a statement of facts we cannot consider the remaining propositions. 3 Tex. Jur. 541, § 380, and authorities cited.

Finding no reversible error in the record, the judgment is affirmed.

### On Motion for Rehearing.

It is insisted in the motion that we erred in holding that plaintiffs' petition was good as against a general demurrer, in that it was necessary for the plaintiffs to allege the degree of negligence chargeable to the defendant, and that in alleging that the position and condition in which plaintiffs' car was "in sufficient time to have slowed down the speed of said truck to have stopped same and to have driven same to either side of said ruts before he (Castevens) drove said truck into said ruts" requires a greater degree of diligence than was necessary. In other words, that the law only required the driver of the truck to use ordinary care. It is further insisted that although there is no statement of facts which can be considered, the issues submitted by the court are not supported by the pleadings.

As said in Prince v. I. &. G. N. Ry. Co., 64 Tex. 144, 147:

"The petition alleges that the plaintiff was injured through the negligence of the company's servants, which includes all degrees of negligence, slight, ordinary and gross, and there was no special exception complaining that the kind of negligence was not stated, even if such an exception could have prevailed."

The trial judge had sustained a general demurrer and special exceptions to the petition in that case, and the Supreme Court reversed the judgment.

As we understand the rule, the plaintiff is not required to allege the particular degree of negligence. He may charge negligence generally or gross negligence, and under such allegations he must, as stated in the original opinion, prove only a sufficient degree of negligence to entitle him to recover. Texas Mexican Ry. Co. v. De Hernandez, 49 Tex. Civ. App. 360, 108 S. W. 765; Avey v. G., H. & S. A. Ry. Co., 81 Tex. 243, 16 S. W. 1015, 26 Am. St. Rep. 809.

In determining the question whether the pleadings are sufficient to support the charge of the court or the issues submitted, we must take into consideration the pleadings of both parties, and when this is done, there is no doubt that the court submitted only such issues as were raised by the pleadings.

It is further contended that special issue No. 4-a is not supported by the pleadings, in that plaintiffs do not allege that they were in a perilous position. They plead facts which show that they were in such position and it was not necessary for them to use the words "perilous position." If they had, we may presume that defendant would have objected to such statement on the ground that it was a conclusion of the pleader, as they did to that portion of paragraph 2 of the petition which alleges that the truck was negligently and carelessly driven and to that portion of paragraph 3 which alleges that it was negligence and carelessness for Castevens to drive the truck at a fast rate of speed into the ruts and against plaintiffs' car.

The other contentions urged in the motion have been disposed of in the original opinion and will not be further discussed. The motion is therefore overruled.