GRANT L. BOWEN, as Guardian Ad Litem of the Person and Estate of MARVIN LE ROY BAKER, a Minor, Appellant, v. I. H. KENT COMPANY, a Corporation, Respondent.

No. 3368

June 2, 1942.                                    126 P. (2d) 331.

*Thatcher & Woodburn* and *John P. Thatcher,* all of Reno, for Appellant.

*A. L. Haight,* of Fallon, for Respondent.

## OPINION

By the Court, ORR, J.:

On the 30th day of April 1940 the trial court sustained a demurrer to the second amended complaint filed in said court and cause, granted a motion to strike said complaint, and ordered the action dismissed. May 15, 1940, appellant perfected his appeal to this court, and his time for filing a bill of exceptions was extended to the 10th day of June 1940. Appellant filed a proposed bill of exceptions within the extended time. June 11, 1940, and before time for filing objections to the said proposed bill of exceptions had expired, the trial judge signed a certificate of settlement of the said proposed bill of exceptions. June 15, 1940, respondent filed objections to the said proposed bill of exceptions. June 18, 1940, counsel for appellant forwarded to counsel for respondent a stipulation agreeing that certain papers in the bill of exceptions, which had been objected to by respondent, be stricken. October 15, 1940, responsive to a motion made by respondent, the trial court entered an order directing that certain papers contained in the said bill of exceptions be stricken, said order being in accordance with the stipulation to that effect signed by counsel for appellant June 18, 1940. Pursuant to the order made by said court, the clerk detached from the said bill of exceptions the papers mentioned in the order, and attached a new index. No action was taken by the said trial judge relative to a withdrawal of the settlement of the bill of exceptions or his certificate of settlement.

Appellant later requested the trial judge to make a resettlement of the said bill of exceptions, the theory of appellant being that because the bill was settled before the time for filing objections had expired, no legal settlement of the bill had been made. This request was refused. Appellant has asked this court to settle what he deems to be the proposed bill of exceptions

remaining unsettled in said action, under the authority of section 9385.85 N. C. L. He considers the provisions of this statute as providing the only solution remaining open; he does not believe mandamus will lie to compel action on the part of the trial judge, because, as appellant views the situation, he is confronted with a resettlement, and not the settlement of the original bill.

■ The foregoing statement of facts discloses an unusual situation. The first question that naturally arises is: What is the effect of the premature settlement of the bill of exceptions by the trial judge? As we have heretofore stated, appellant considers the act as being void. We do not agree, but conclude that such settlement was not "such an irregularity in a jurisdictional matter as will destroy the bill of exceptions." Pullman Co. v. Washington, 30 Ohio Cir. Ct. R. 17, at page 18; 4 C. J. S., Appeal and Error, sec. 848, p. 1333, notes 50 and 51. Under note 51, 4 C. J. S., Appeal and Error, sec. 848, p. 1333, it is stated: "Nor is a disallowance of the full time for examining a bill such a defect, especially where the omission appears to be nonprejudicial." The defect spoken of in the quotation is a jurisdictional defect. The act of the trial judge in prematurely signing the bill of exceptions in no manner prejudiced appellant; it therefore follows that upon the signing, settlement, and filing of said proposed bill there was created and placed in the record a legal bill of exceptions. However, while the premature signing and settlement of the bill of exceptions did not destroy it as such, there yet remained certain legal rights and privileges to respondent, namely, the right to suggest modifications to the bill as proposed, and if anyone was prejudiced by the said premature signing, it was respondent, and respondent is not here complaining of the action of the trial judge. Certain procedures were left open to respondent. He could have moved the court to withdraw its certificate and settlement, and in the event the court had consented so to do, could have

proposed certain additions and amendments, and after such proposed additions and amendments had been acted on, the trial judge would then have been required to again settle the bill and attach a new certificate. Such procedure is approved in the case of M. System Stores v. Davenport, Tex. Civ. App., 36 S. W. (2d) 243, at page 245. But, evidently unaware of the fact that the trial judge had approved the bill originally proposed, respondent, on June 15, 1940, filed objections to the bill, as provided by law, and moved that certain documents included in the proposed bill be stricken. Appellant evidenced a willingness that the said documents be stricken, by forwarding to counsel for respondent a form of stipulation, signed by counsel for appellant and dated June 18, 1940. No further action was taken in the matter until October 15, 1940, at which time counsel for appellant telephoned the trial judge in relation to the settlement of the bill of exceptions, and on the same date counsel for respondent moved the court to strike the documents objected to by respondent and which appellant had stipulated might be done. On the same date, October 15, 1940, the court entered such an order and directed the clerk of the court to detach the papers ordered stricken. This the clerk did, and also attached a new index. Appellant took no further action until November 4, 1940, at which time one of his attorneys telephoned the clerk of the lower court and requested that the bill of exceptions be mailed to him. This was done, and then, for the first time, counsel for appellant learned that the trial judge had settled the bill on June 11, 1940. On November 24, 1940, one of the attorneys for appellant communicated with the trial judge, at that time informing said trial judge that he considered the premature signing of the bill to be error, and asked the court to again settle the said bill. This the trial judge declined to do.

■■ As heretofore stated, we consider the bill as signed by the trial judge on June 11, 1940, a legal bill

of exceptions, and being such, no further settlement and signing is required; and not being so required, there is no necessity or authority for this court to act under section 9385.85 N. C. L. as requested. The provisions of that section can only be invoked should the trial judge refuse, when legally required, to settle a bill, or if no method is provided by law for the settlement of the same.

■ Appellant has not filed in this court the transcript on appeal, for the reason, as has been stated, that he did not believe there existed a legally settled bill of exceptions in condition for filing, and, of course, more than thirty days have elapsed since the bill was first settled and allowed by the trial judge; also, more than thirty days have elapsed since the documents were stricken on the order of the court and the stipulation of the parties; hence rule II of the rules of the supreme court, which requires the transcript to be filed within the thirty-day period, not having been complied with, appellant is in default in that respect.

At the time of the hearing of appellant's motion asking this court to settle the bill of exceptions, respondent moved to dismiss the appeal, on the ground that the transcript had not been filed within the time required by supreme court rule II. Appellant conceded that in the event we held the bill of exceptions as signed on June 11, 1940, to be a legal bill, then, of course, the motion of respondent was well taken.

Entertaining the views we have indicated, it is ordered that the motion of appellant be denied and the motion of respondent to dismiss the appeal is granted.