Dominic H. SABELLI, Appellant,

v.

SECURITY INSURANCE COMPANY OF
NEW HAVEN, Appellee.

No. 11121.

Court of Civil Appeals of Texas.

Austin.

Oct. 30, 1963.

Rehearing Denied Nov. 20, 1963.

———◆———

Reid & Taylor, San Antonio, for appellant.

Brown, Sparks & Erwin, Austin, for appellee.

PHILLIPS, Justice.

This is a workmen's compensation case. After a hearing before the Industrial Accident Board, the claimant Sabelli (appellant in this court) was awarded two weeks total disability. He appealed this award to the District Court.

In his petition appellant alleged that he was injured during the course of his employment when a transport in which he was riding overturned "injuring his head, neck, back, left leg, left elbow, right shoulder, and body generally, causing him to suffer incapacity to his body as a whole." Appellant asked for 401 weeks of total permanent incapacity at thirty five dollars per week, which is the maximum amount allowed by the statute. Art. 8306, Sec. 10, Vernon's Ann.Civ.St.

The case was tried before a jury after which the Trial Court entered ·judgment based upon the jury verdict for 5⅔ weeks total disability followed by 35 weeks of partial disability.. Appellant, plaintiff in the Trial Court, has duly perfected his appeal from that judgment.

We affirm the judgment of the Trial Court.

Appellant's first two points, briefed together, assign error to the refusal of the Trial Court to grant appellant's first motion for continuance and in refusing to allow appellant to withdraw his announcement of ready. Appellant alleges that his reason for these motions was that an indispensable medical witness would not appear.

Appellant's original petition was filed in the Trial Court in March of 1962. The case was called for trial several times before it was actually tried but was continued for various reasons not pertinent here.

The medical witness, whose testimony appellant alleges is indispensable, is a Dr. Brunner. Dr. Brunner had examined and treated appellant at the time of his injuries in December of 1961. After this, Dr. Brunner continued to treat the appellant on various occasions.

On January 7, 1963, the case was set for trial on February 4, 1963 on appellant's motion.

On February 1, 1963 the Trial Court notified appellant that in all probability his case would go to trial on February 4, 1963. Appellant contends that he immediately informed Dr. Brunner of the trial and the doctor stated that he would be available as a witness however he would like to examine the appellant once more before trial. Appellant lives in San Antonio and the trial was to be in Georgetown some 110 miles away. On Monday morning, February 4, appellant's case was called to trial and appellant's attorney announced ready. On this same day appellant was examined by Dr. Brunner in San Antonio.

After appellant's attorney announced ready, the trial began, a jury was selected and it was not until the following morning that appellant learned that Dr. Brunner would not appear as a witness.

Appellant stated to the court that the testimony of Dr. Brunner was material and handed the court a written statement by Dr. Brunner describing his findings upon an examination of appellant on the previous day. The Trial Court examined the statement, then denied motions made by appellant that his case be continued or that he be allowed to withdraw his announcement of ready. The trial then proceeded without the testimony in question.

Appellant alleges that he was completely taken by surprise in the failure of Dr. Brunner to appear, that the doctor had given him every reason to believe that he would appear and that the location of the trial was of such distance that it would have been impossible for the appellant to have compelled that doctor's attendance through a subpoena. Appellant alleges that his belief that the doctor would be available as a witness was the reason that the doctor's deposition was not taken.

Appellant further alleges that the testimony that the doctor would have given was material relative to disputed issues.

In August of 1962, the defendant, by written interrogatories, took the depositions of Drs. Price and Cochran of San Antonio, Texas and the appellant filed cross interrogatories. These depositions were used in the trial of the case.

There is no contention here that appellant has not complied with Rule 252, T.R.C.P., in seeking his continuance.

Rule 251, T.R.C.P., directs that a continuance shall not be granted except for sufficient cause.

In Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856, the Supreme Court in a fact situation substantially similar to the one before us stated that the absence of a material witness under Rule 251 is "sufficient cause" but only if proper diligence has been used to procure the testimony of the witness. The court stated:

"There is nothing in the rules on continuance requiring the granting of a first motion merely because it is in statutory form and is not controverted by affidavit of the opposite party. Surely it will not be gainsaid that a trial court, in determining the existence of diligence, may examine the allegations of diligence contained in the motion in the light of the record before it. Moreover, a trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in the light of the record show beyond cavil a complete lack of diligence as measured by other rules regulating procedure in the trial of cases."

and further:

" * * * Rules 186 et seq. authorizing the taking of depositions, if utilized, offer parties to civil suits ready and fairly certain means of procuring the testimony of resident witnesses. More than that, if resorted to with promptitude and pursued with diligence, they offer parties absolute protection against being forced to trial by arbitrary and unreasonable action of a trial court without the benefit of the testimony of material witnesses. If parties choose to forego their rights under these rules and resort to other and less effective and less certain means of procuring the testimony of material witnesses they must be held to do so at their own risk and with foreknowledge that they may be put to trial without the benefit of the testimony." (citing cases)

Appellant contends that the Fritsch case does not apply because he was powerless to subpoena Dr. Brunner in that the doctor resided outside the limits of a subpoena. We cannot agree. There was ample time to take Dr. Brunner's deposition and that by the very nature of his profession the fact that he would be unable to attend trial was more probable than possible. In Cole v. Waite, 151 Tex. 175, 246 S.W.2d 849, the Supreme Court affirmed the Trial Court in overruling petitioner's motion for a continuance and stated that where petitioner had no right to rely on a subpoena, he had not shown due diligence where he had failed to take the witnesses' depositions.

■■ The question of whether a continuance is to be granted is largely within the discretion of the trial judge in the light of the facts before him. In view of the record before us and the holding in the Fritsch case and the Cole case, both cited above, we overrule appellant's contentions with respect to these points.

Appellant's points three and four assign error of the court in permitting questions by defense counsel, and allowing argument pertinent thereto, regarding a claim appellant had previously made with the Federal Government, on the grounds that the questions and arguments were highly prejudicial and inflammatory to plaintiff's rights

and had no bearing whatsoever on whether the plaintiff was suffering any incapacity as a result of the injuries received by him. This claim made to the Federal Government was in respect to a fungus of the feet for which appellant had what was referred to as a "ten per cent disability."

The appellant voluntarily testified on direct examination that prior to the date of the accident he had a fungus infection of his feet. He also testified that after the accident, he could not stand for any long period of time and that if he stood for an hour and a half, he would have to get off his feet. He also testified that he had had no such trouble prior to the date of the accident.

■ On cross examination, the appellant testified that there was nothing physically wrong with him prior to the date of the accident. He was then cross-examined about making a disability claim to the Federal Government and about receiving ten percent disability benefit. This testimony was admissible both for impeachment purposes and as a declaration against interest. Defendants were entitled to impeach appellant through prior inconsistent statements and show the circumstances surrounding the prior statements in order to give them credence. Also, the appellant opened the matter by his attorney's interrogation about his prior disability. Cheshire v. Dow Chemical Company et al., Tex.Civ.App., 319 S.W.2d 358, n. r. e.; Griggs Furniture Company v. Bufkin et ux., Tex.Civ.App., 348 S.W.2d 867, writ ref., n. r. e. Also, see Hawkins v. Missouri, K. & T. Ry. Co. of Texas, 36 Tex.Civ.App. 633, 83 S.W. 52, no writ history.

Appellant's fifth point of error is that the court excluded the testimony of R. F. Parker, the foreman for King Transport Company and the person in charge of the convoy of which the appellant was a member at the time of his injuries.

Parker testified that he had known the appellant eight or nine years before the day of the accident. He had seen appellant at least once a week after the date of the accident until the time of the trial. He testified that he observed no change in appellant which would keep him from hiring the appellant as a truck driver.

In response to questions propounded by appellant, Parker testified that he would not hire a person suffering from mental defects; that he would not hire a person suffering from loss of memory or subject to bad eye sight or dizzy spells. Again, in response to a hypothetical question by appellant, which contained all of appellant's complaints, Parker said he would not hire a man having such complaints.

■ Appellant then showed Parker a letter from Dr. Harmon Brunner, dated February 4, 1963, requested that he read the letter, and then asked him if he would hire a man having the disabilities or complaints noted thereon. The report of Dr. Brunner had not been and was not admitted into evidence. Defendant's objection to the admission of testimony which was based on facts not in evidence was properly sustained. A hypothetical question cannot take into consideration facts within a doctor's knowledge and not in evidence. Texas Employer's Ins. Ass'n. v. Fitzgerald, Tex.Com.App., 296 S.W. 509; Gulf Oil Corp. v. Walker, Tex.Civ.App., 288 S.W.2d 173, no writ history.

■ Appellant's points of error six and seven relate to the testimony of the defendant's doctors Cochran and Price in that the court admitted testimony as to the future medical results of appellant's injuries, which testimony was not based on reasonable probability. We overrule this assignment. The record discloses that the gist of the testimony given by the doctors was that based on their examination of appellant and their prognosis that he had made a complete recovery and that there was no permanently disabling injury. This does no violence to the rule that testimony concerning future consequences must be

based on reasonable probability. 23 Tex. Jur. 620, Sec. 416 and the cases cited.

■ Appellant's point of error number eight is to the effect that the court erred in excluding testimony as to the reason Dr. Brunner did not appear and testify, and then allowing counsel for the defendant to refer to the fact that he did not appear.

We overrule this point. We have reviewed the record and find that the allusion to the fact of whether or not Mr. Sabelli was still under the care of Dr. Brunner made by defendant in his closing argument to the jury was harmless under Rules 434, 503, T.R.C.P.

In his closing argument, appellant stated that Dr. Brunner was still treating him, "a fact well known to them; and if he * * *" Here the court rightly sustained defendant's objection as any evidence concerning the reason for Dr. Brunner's absence would have been misleading, immaterial and hearsay testimony.

■ Appellant's point of error number nine is that the court erred in failing to excuse two jurors for cause who had been represented by one of the attorneys for the defense in the past.

We overrule this point. The two jurors testified that they would not be influenced by this fact and that they could render a fair and impartial verdict to both sides regardless of that fact. The Supreme Court has held that where the Trial Court has found as a matter of fact that there was no bias or prejudice on the part of a juror that the court's finding should not be disturbed unless bias or prejudice can be shown as a matter of law. Swap Shop v. Fortune, Tex.Civ.App., 365 S.W.2d 151. Under the record before us we are unable to find bias in this regard as a matter of law. Lumberman's Insurance Corporation v. Goodman, Tex.Civ.App., 304 S.W.2d 139, writ ref., n. r. e.

Appellant's tenth and last assignment of error is that the Trial Court erred in committing numerous errors during the trial of the case, and the combination of all the errors became cumulative error, which was harmful to appellant's rights to a fair trial.

We overrule this point. In Dennis v. Hulse, Tex., 362 S.W.2d 308, the Supreme Court stated the rule that an appellate court is not authorized to reverse merely because the record discloses some error reasonably calculated to cause miscarriage of justice, but the party appealing must also show that it probably did cause rendition of improper judgment, citing rules 434 and 503 T.R.C.P. Appellant has not met this test.

Appellant cites Sproles Motor Freight Lines, Inc. v. Long, 140 Tex. 494, 168 S.W.2d 642 as authority for the rule of cumulative error. In this case the old rule of presumed prejudice was applied because the case was tried before the effective date of our present Rules of Civil Procedure. Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493.

The judgment of the Trial Court is affirmed.

Affirmed.