GULF INSURANCE COMPANY and Fidelity and Casualty Company of New York, Appellants,

v.

DUNLOP TIRE AND RUBBER CORPORATION, Donald W. Yarbrough, Sr., d/b/a Yarbrough Tire Sales and Mari Louise Yarbrough, Appellees.

No. 19741.

Court of Civil Appeals of Texas, Dallas.

June 18, 1979.

Rehearing Denied July 24, 1979.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellants.

Robert C. McGuire, Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, Dallas, for appellees.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

In this appeal from a judgment allowing recovery on two fire insurance policies, the insurance companies contend that they should have a new trial because their counsel, through excusable inadvertence, was not prepared for trial, and therefore, was unable to present a meritorious defense.

When the case was called for trial on the day set, appellants' counsel failed to appear, but came to the court on a telephone call from opposing counsel. Appellants moved for a continuance, demanded a jury, and sought leave to file two trial amendments. These requests were denied. Counsel participated in the trial, and, after the adverse judgment was rendered, filed a motion for new trial seeking to excuse his unpreparedness and setting up a meritorious defense that he was unable to present at the trial. In this motion, for the first time, he offered to try the case at any time fixed by the court and to reimburse the opposing parties for their expenses resulting from the delay. We hold that this offer came too late. Accordingly, we overrule appellants' points complaining that the judge erred in denying their motion for continuance and their motion for new trial. We also overrule their contentions that the judge abused his discretion in denying their demand for a jury trial and their requested leave to file the trial amendments.

### 1. Denial of Continuance and Motion for New Trial

Appellants admit that they had notice of the trial setting, but they assert that their counsel's failure to prepare for trial was the result of an error of his secretary in striking the notation of the trial setting from his office calendar. They alleged in their motion for continuance that they had witnesses that they were unable to produce on short notice who would have raised the defense of arson, and, in support of their motion for new trial, they presented the affidavits of such witnesses to set up a meritorious defense. Thus appellants assert that their failure to prepare for trial was not intentional or the result of conscious indifference, and they contend that we should apply the rules announced in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966), *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), and other cases governing the trial court's discretion in granting a new trial in cases tried in the defendants' absence, on the theory that this case is tantamount to one in which they failed to appear and defend.

We do not regard this case as tantamount to one tried in appellants' absence. Of course, counsel's participation in the trial cannot be taken as prejudicial to appellants' rights. After the telephone call from opposing counsel, failure to appear could only have worsened appellants' position. The crucial ruling of the trial judge was not in overruling the motion for new trial, but in denying appellants' motion for continuance.

We cannot agree with appellants' contention that even if the judge had discretion to overrule the motion for continuance, he abused his discretion in overruling the motion for new trial. To permit an attorney who has overlooked a trial setting to set up as grounds for new trial a "meritorious defense" consisting of evidence not presented at the trial would ignore the requirement of diligence and the other requirements of a motion for new trial for newly discovered evidence. *See New Amsterdam Casualty Co. v. Jordan,* 359 S.W.2d 864, 866 (Tex.1962). We hold that if denial of the continuance was within the court's discretion, then overruling the motion for new trial was not reversible error, so far as the court's failure to postpone the trial is concerned.

This result follows even though it appears that the sworn allegations in the motion for new trial might have required a new trial if the court had proceeded to trial without any attempt to notify counsel further. If counsel had not discovered the judgment until after it was rendered, then appellants' motion for new trial, showing that their failure to appear was not intentional or the result of conscious indifference, and setting up a meritorious defense, may well have been sufficient, coupled as it was with their offer to go to trial on any date fixed and pay the expenses of the adverse parties occasioned by the delay. As the case comes to us, however, counsel does not seek to excuse his failure to appear, but rather his failure to prepare for trial and have his witnesses available. A motion for continuance on such grounds must show diligence to procure the testimony of the absent witnesses. *Fritsch v. J. M. English Truck Line,* 151 Tex. 168, 246 S.W.2d 856 (1952). Such diligence, of course, appellants were not in a position to show.

Perhaps such lack of diligence would be excused by a showing of the same kind of circumstances that would excuse a failure to appear under *Ivy* and *Craddock.* Perhaps also, the circumstances presented in the motion for continuance would have excused their failure to set up in their motion all the elements of a meritorious defense. Yet a continuance is within the trial court's discretion. *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex.1963). If the *Ivy-Craddock* standard is to be applied to a motion for continuance, that standard requires an offer to do equity, namely, to try the case at the earliest practicable date and to pay the expenses of the opposing parties resulting from the delay. *Cf. United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958 (Tex.1976). This requirement was not met. Appellants' motion asks that the court continue the case for a reasonable time so that they would have an opportunity to subpoena witnesses from other counties. Before presenting the motion, however, counsel had advised the judge and opposing counsel that appellants could not be ready for trial for several months. The record also shows that the judge inquired whether appellants were willing to pay the expenses of parties and witnesses who had come that morning from Palestine, Texas, but counsel for appellants made no response.

Appellants argue that any such offer to do equity would have been futile because appellees had indicated their unwillingness to agree to a postponement on any terms, and the judge had stated that his docket was full for several months ahead. These circumstances do not excuse appellants' failure to make the offer. Appellants were seeking to delay the trial because of their own lack of diligence. Consequently, they had the burden to offer equity if the *Ivy-Craddock* rule is to be applied in this situation. Any unwillingness of appellees to agree to a postponement was immaterial. The judge expressly

invited appellants to make such an offer, and they made no response. In these circumstances the judge did not abuse his discretion in overruling the motion for continuance.

Perhaps a better course for the trial judge would have been to determine the next date on which he could set the case for trial without disruption of his docket and then to ascertain from opposing counsel the amount of appellees' reasonable expenses, including counsel fees, occasioned by the delay. The judge might then have required appellants to pay the amount so determined as a condition of the postponement. The precise manner of dealing with the problem, however, was within his discretion.

▆▆▆ Appellants insist that they made a sufficient offer to do equity in their motion for new trial. That offer, in our opinion, came too late. The question of whether a continuance should be granted is to be judged in the light of the facts before the trial judge at the time the motion is presented. *Sabelli v. Security Insurance Co. of New Haven,* 372 S.W.2d 348, 350 (Tex.Civ.App.—Austin 1963, writ ref'd n. r. e.). For reasons already explained, we hold that even though a party's failure to prepare for trial was not intentional or the result of conscious indifference, if he knows that the case has been called for trial, he has the duty to appear and present his grounds for postponement, and, if the postponement is denied, the judge's exercise of discretion in this respect must be reviewed on the facts presented to the judge at that time, not on such facts as may be presented later in a motion for new trial.

## 2. *Demand for a Jury Trial*

The record shows that the case was set on the court's non-jury docket. When the judge called the case for trial at 9:00 a. m. on the day set, appellees announced ready, but no one appeared for appellants. Counsel for appellants appeared at about 10:30, but made no immediate demand for a jury. At a subsequent recess counsel paid the jury fee and then, at about 11:05, made his demand and advised the judge that a panel

was available from the central jury room. Counsel for appellees objected that they were not ready for a jury trial and had prepared no requested special issues. Appellees also asserted that the jury demand was made for delay. The judge denied the jury demand with the observation that the case had been set on the non-jury docket for several months, that the demand was not timely under the rules, and that he considered it a harassment and imposition on the court in the ordinary disposition of its business. The court recited later in its order overruling the motion for new trial that a jury trial would have interfered with the orderly disposition of the court's business and would have disrupted the docket. The judge recited his finding that the underlying motivation for paying the jury fee was to obtain a continuance.

▆▆ Appellants contend that the judge abused his discretion in trying the case without a jury because they had demanded and paid for a jury trial at a time when, despite any lateness of demand, a jury could have been impaneled without undue inconvenience to the court or appellees. In support of this contention, they cite *Aronoff v. Texas Turnpike Authority,* 299 S.W.2d 342 (Tex.Civ.App.—Dallas 1957, no writ). That case held that the trial judge's recital that a jury trial would have taken more time and would have disrupted the docket was not conclusive where the record shows that the case was set on the jury docket and that all parties were ready for a jury trial, but discovered on the morning of the trial that the jury fee had not been paid. In view of the different circumstances shown here, we hold that no abuse of discretion is shown.

## 3. *Denial of Trial Amendments*

Appellants also complain of the court's denial of leave to file two trial amendments, one at the beginning of the trial and another after the testimony was closed. The first amendment raised the arson defense and also alleged certain provisions of the policy limiting coverage for the loss. With respect to the allegation of arson, it is

material to consider the posture of the parties at the trial. Appellee Donald W. Yarbrough, an automobile tire dealer, was indebted to appellee Dunlop Tire & Rubber Company for tires he had bought from Dunlop. Yarbrough had assigned the two fire insurance policies in question to Dunlop to secure the debt. After Yarbrough sustained a fire loss, Dunlop brought this suit against Yarbrough on the debt and against the appellant insurance companies on the policies. Yarbrough filed a cross-claim against appellants on the policies. When appellants presented their trial amendment at the beginning of the trial, both appellees claimed surprise and insisted that they had undertaken no discovery and had made no other preparations to try the arson issue. Appellants' counsel replied that he had advised counsel for Dunlop at a pretrial hearing that appellants intended to plead arson. He also asserted that appellee Yarbrough, who was not represented at the pretrial hearing, should have anticipated an arson defense to his cross-claim because he knew that an arson investigation had been made by state authorities. These assertions have no corroboration in the record. Neither had appellants undertaken any discovery that would have put appellees on notice that appellants would raise the defense of arson.

■ Even if appellees had been advised that appellants might allege arson, when appellants failed to amend their answer more than seven days before trial, as required by Rule 63 of the Texas Rules of Civil Procedure, appellees could reasonably assume that appellants had been unable to develop any proof of such a defense. Under these circumstances the judge's exercise of discretion at the beginning of the trial to deny leave to file an amendment alleging arson should not be disturbed. *See Sigler v. Frost Brothers, Inc.,* 555 S.W.2d 813 (Tex. Civ.App.—El Paso 1977, no writ); *Davis v. National Acceptance Co.,* 233 S.W.2d 321 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.).

■ Appellants complain further that they should have been allowed to plead a policy limitation on coverage, which they

alleged in their trial amendment tendered before trial. They also contend that the trial court should have permitted them to file another trial amendment after close of the evidence alleging the defense of "other insurance" under the terms of the policies. Appellants have made no effort, however, to show how either of the pleas, if allowed, could have affected the judgment. Consequently, no prejudice is shown in these respects.

Affirmed.

STOREY, J., dissents.

STOREY, Justice, dissenting.

I respectfully dissent. I cannot agree with the conclusion reached by the majority that the crucial ruling of the trial court was the overruling of the motion for continuance rather than the overruling of the motion for new trial. It was not until the motion for new trial was presented that the trial court was able to determine the cumulative effect of its rulings. I believe this was the crucial ruling made by the court, and under the facts presented here, failure to order a new trial was an abuse of its discretion.

The purpose of a hearing on motion for new trial is to afford the trial court a final opportunity to determine not only if any single ruling made by it at any stage of the trial proceedings resulted in denial to any party of his day in court, but also to examine the entire record before it with a view to determining whether the cumulative effect of its rulings resulted in such denial. As was stated by the supreme court in *Stillman v. Hirsch,* 128 Tex. 359, 99 S.W.2d 270 (1936), the motion for new trial gives the trial judge an opportunity to have his attention called to the alleged errors committed by him during the trial. It is well known that the trial judge must act quickly upon questions presented to him. Many rulings are made upon the theory that other phases of the case will be presented and developed, which oftentimes do not materialize. *Stillman v. Hirsch,* 99 S.W.2d at 275. *See* also *Sandoval v. Rattikin,* 395 S.W.2d

889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). An application for a new trial to set aside a judgment on equitable grounds is addressed to the discretion of the court and should be granted when substantial rights of the parties have been so violated as to make it reasonably clear that a fair trial was not had. Its function is to point out such equities so as to make it reasonably certain that the applicant has been deprived of a substantial right. *McMillan v. McMillan*, 72 S.W.2d 611 (Tex. Civ.App.—Dallas 1934, no writ).

There can be no question that denying appellants an opportunity to present their defenses deprived them of a substantial right and that their evidence of meritorious defenses presented at the hearing on motion for new trial was substantial. Much of this evidence was not presented to or considered by the trial court in the motion for continuance; and the witnesses, all residents of Anderson County, were not available at the time of trial. For example, James E. Singletary, a Palestine fireman who was one of the first to arrive at the scene of the fire which destroyed the Yarbrough building and contents, made affidavit that after the fire, he could find no evidence of new tires among the debris; and that Yarbrough's daughter told him they had truck tires at their home. Joel Ray Morris, an employer of the Palestine Fire Department, had frequently been in the Yarbrough building. He stated by affidavit that he was there on May 31, the day before the fire, and noticed there were no tires where normally a large number were stored; and where new tires were normally displayed, there were old, used tires which were normally stored outside the building. He stated also that he noticed there were no truck tires in the building and that normally Yarbrough kept a large stock of truck tires. According to his affidavit, Jimmy D. Easter, an employee of Yarbrough at the time of the fire, was aware one week prior to the fire that several loads of new tires were removed from the shop and placed in the basement of Yarbrough's home. He recalls at the time of the fire, the new tire stock was depleted and most of those remaining were recaps. The inventory of truck tires, according to his affidavit, was the lowest he had seen since he had been an employee. Teddie Joe Holt, another Yarbrough employee, by affidavit stated that for approximately two or three weeks prior to the fire, he and others had been moving new truck tires out of the shop to Yarbrough's home and at the time of the fire, there were no new truck tires in the shop. He stated that the only tires in the building at the time of the fire were old used tires, recaps and a few automobile tires. These unequivocal statements of disinterested witnesses make it reasonably clear that a fair trial was not had.

Nor is it disputed by appellees that appellants' failure to timely appear for trial was due to mistake or inadvertence. If there be lack of diligence in preparation in this case, it is due to the same mistake. The record reflects that the trial date was initially entered on counsel's calendar in response to the court's notice for March 23, 1977, but at some later date was lined out so that no trial setting was reflected. Counsel and his secretary by affidavit stated that either she inadvertently lined out the trial setting at the same time she lined out the case setting below it which was settled; or, she mistakenly lined it out upon receipt of an order of non-suit in a case involving the same insurance coverage then pending in Anderson County styled *Don Yarbrough v. Gulf Insurance Company and the Fidelity and Casualty Company of New York*. This order of non-suit shows to have been entered on December 28, 1976. These facts are even stronger than those in *Kirk v. Farmers Aerial Spraying Service, Inc.*, 496 S.W.2d 739 (Tex.Civ.App.—Amarillo 1973, no writ), where the secretary simply failed to remind defendant's counsel of the trial setting. While the court there referred to counsel's pre-trial activity as being indicative of his desire to defend the case, it also emphasized that the absence of an intentional failure is the controlling factor, and some excuse, not necessarily a good excuse, is sufficient to demonstrate this absence.

These circumstances do not demonstrate a complete lack of diligence on the part of appellants in preparation for trial. Appellants answered in the case on November 18, Yarbrough answered on November 30, and plaintiffs' amended petition was filed on December 21, about ninety days before the trial date. It would not appear that the failure to take depositions of out-of-county witnesses during the ninety-day period from December 19 to March 23 was such an inordinate period of time as to charge counsel with a complete lack of diligence. Particularly is this true when sometime subsequent to December 19, the trial setting was inadvertently removed from his trial calendar, thereby precluding any realization by him that the trial date was imminent.

It is, of course, well settled that the hearing on the motion for new trial is not a means by which the case may be tried over or tried differently, and a different view might well prevail in this case if a new trial required the retrial of issues disposed of previously. Such is not the case before us. The plaintiff Dunlop has recovered judgment for its debt against Yarbrough. This judgment is final and Dunlop need not retry those issues nor even appear at a new trial unless it elects to do so. Dunlop held no interest in the policy proceeds either by assignment or loss-payable provision. It extended its credit to Yarbrough and should not be entitled to look to appellants for payment except to the extent that Yarbrough may recover from them. Yarbrough has proved his case against appellants except as it may be defeated by the arson defense or reduced by a finding that a part of the inventory had been removed from the premises before the fire. In accordance with the offer made by appellants in their motion for new trial, any judgment recovered by Yarbrough may bear interest from March 23, 1977, and he may be reimbursed for his expenses including attorneys fees incurred in the March 23 trial.

Appellants' failure to offer reimbursement at the time of the motion for continuance should not be fatal because they offered complete reimbursement in their motion for new trial. In *Dallas Heating Company, Inc. v. W. E. Pardee*, 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.), appellant offered reimbursement for the first time in its brief in this court and this court considered that offer to be timely holding that a failure to offer reimbursement in a motion for new trial after default judgment did not necessarily preclude vacation of the judgment.

Finally, I would consider counsel's appearance and participation in trial of no controlling consequence. He had no alternative but to remain in attendance during trial. An examination of the entire record, however, demonstrates that his participation was no more meaningful than had he not appeared, because without witnesses or defensive pleadings which the trial judge refused to permit, he was powerless to influence the outcome of the trial. Under all of these circumstances, I perceive no reason for the refusal to apply to this case the equitable principles set forth in *Ivy*, 407 S.W.2d at 214 and *Craddock*, 133 S.W.2d at 126.

It is clear that failure to afford appellants the opportunity to assert their defenses has resulted in a denial of a substantial right. No hardship would be occasioned to any party upon a retrial of this case if limited to the issues not presented at the original trial. I would therefore leave the judgment in favor of Dunlop against Yarbrough undisturbed, and reverse and remand the case for trial upon the affirmative defense issues presented in appellants' motion for new trial. Additionally, in accord with *Dallas Heating Company, Inc. v. Pardee, supra,* the determination of the amount of expenses to be awarded to appellees in obtaining their judgment should be left to the discretion of the trial court.